UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:06-cr-83-Orl-31K**
18 U.S.C. § 371
KAREN RACHEL SMITH  18 U.S.C. § 287
18 U.S.C. § 641
18 U.S.C. § 1341
18 U.S.C. § 1343
41 U.S.C. § 119 – Forfeiture
18 U.S.C. § 981(a)(1)(C) -- Forfeiture
28 U.S.C. § 2461(c) -- Forfeiture

## INDICTMENT

The Grand Jury charges:

## INTRODUCTION

At all times material to this Indictment:

1.  The Federal Emergency Management Agency ("FEMA") was an agency of the United States within the Department of Homeland Security. FEMA's responsibilities included, among other things, providing disaster assistance to individuals in an area that was declared a major disaster.

2.  On August 29, 2005, Hurricane Katrina made landfall in the Gulf Coast Region of the United States. On that date, the President of the United States declared that a major disaster existed in portions of Alabama, Louisiana, and Mississippi. As a result of that declaration, people in the affected areas were eligible to apply for disaster assistance from FEMA.

1

3. On September 24, 2005, Hurricane Rita made landfall near the Louisiana-Texas border. On that date, the President of the United States declared that a major disaster existed in portions of Louisiana and Texas. As a result of that declaration, people in the affected areas were eligible to apply for disaster assistance from FEMA.

4. Different forms of disaster assistance were made available by FEMA for those people located in the affected areas. Because many people were displaced by Hurricanes Katrina and Rita, FEMA provided a streamlined process for victims to receive expedited assistance in the form of a $2,000 disbursement. To obtain such expedited assistance, a person could apply by calling a toll-free telephone number for FEMA, by sending an application by using the Internet, or by applying in person. Each applicant for expedited assistance was asked to provide their name, social security number, current and pre-disaster addresses, and telephone numbers, among other things. If approved, an applicant could choose whether to receive their FEMA disaster assistance by a check that would be mailed to an address selected by the applicant or by a wire transfer that would be sent to a bank account selected by the applicant.

5. The only people entitled to receive disaster assistance from FEMA for Hurricanes Katrina or Rita were those people whose primary residence was located in one of the areas that was designated as being affected adversely by one of those declared major disasters. At no time was any county in the Middle District of Florida included in the areas of the country for which residents were eligible to obtain disaster assistance from FEMA for Hurricanes Katrina or Rita.

6. Defendant KAREN RACHEL SMITH was a resident of the Middle District of Florida. Defendant KAREN RACHEL SMITH did not live in any of the areas of the country for which residents were eligible to obtain disaster assistance from FEMA for Hurricanes Katrina or Rita.

## COUNT ONE

7. The allegations contained in paragraphs 1 through 6 of this Indictment are hereby realleged and incorporated herein by reference.

8. Beginning on or about a date unknown to the Grand Jury, but not later than October 14, 2005, and continuing until on or about a date unknown to the Grand Jury, but on or after October 20, 2005, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**KAREN RACHEL SMITH**

the defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with Ronnie Lee McNeil and other persons both known and unknown to the Grand Jury (1) to defraud the United States and FEMA by impairing, obstructing, and defeating the lawful governmental function of administration and enforcement of federal disaster assistance by means of fraud, deceit, and dishonesty and (2) to commit the following offenses against the United States:

a. To make and present, and cause to be made and presented, to any department and agency of the United States any claim upon and against the United States, and any department and agency thereof, knowing such claim to be false,

fictitious, and fraudulent, in violation of Title 18, United States Code, Sections 287 and 2;

    b.    To embezzle, steal, purloin, and knowingly convert to her use and the use of another any record, voucher, money, and thing of value of the United States and any department and agency thereof, in violation of Title 18, United States Code, Sections 641 and 2;

    c.    To knowingly and willfully devise a scheme and artifice to defraud and for obtaining money and property from FEMA by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice to defraud and attempting so to do, did knowingly take and receive and cause to be taken and received from the United States mail (Postal Service) and did knowingly cause to be delivered by the United States mail (Postal Service) according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, any matter and thing, in violation of Title 18, United States Code, Sections 1341 and 2; and

    d.    To knowingly and willfully devise a scheme and artifice to defraud and for obtaining money and property from FEMA by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice to defraud, did cause to be transmitted by means of wire, radio, and television in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing said scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 2.

## A. **Manner and Means**

9.  It was part of the conspiracy that KAREN RACHEL SMITH, Ronnie Lee McNeil, and other co-conspirators known and unknown to the Grand Jury, would unlawfully execute a scheme and artifice to defraud FEMA out of money, funds, assets and property belonging to the United States and FEMA through the submission of a false, fictitious, and fraudulent claim for disaster assistance to FEMA.

10. It was a further part of the conspiracy that KAREN RACHEL SMITH would provide Ronnie Lee McNeil with her name to be used to submit a claim for disaster assistance to FEMA.

11. It was a further part of the conspiracy that Ronnie Lee McNeil would use that information to cause a claim in KAREN RACHEL SMITH's name to be submitted by telephone to FEMA to obtain disaster assistance. To make that claim, Ronnie Lee McNeil caused another person acting on his behalf and with his authorization to make an interstate telephone call to FEMA in which that person falsely represented that she was KAREN RACHEL SMITH, that KAREN RACHEL SMITH was a resident of Texas at the time of Hurricane Rita, and that KAREN RACHEL SMITH was eligible for disaster assistance from FEMA.

12. It was a further part of the conspiracy that FEMA would rely on those misrepresentations and would send by United States Mail to an address located in the Middle District of Florida a check made payable to KAREN RACHEL SMITH in the amount of $2,000 for disaster assistance for Hurricane Rita.

13. It was a further part of the conspiracy that Ronnie Lee McNeil would cause that item to be removed from the United States Mail and would provide the FEMA disaster assistance check to KAREN RACHEL SMITH.

14. It was a further part of the conspiracy that KAREN RACHEL SMITH would cash the FEMA disaster assistance check and would divide the proceeds with Ronnie Lee McNeil.

15. It was a further part of the conspiracy that KAREN RACHEL SMITH, Ronnie Lee McNeil, and other co-conspirators known and unknown to the Grand Jury, would perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### B. Overt Acts

16. In furtherance of and to affect the objectives of the conspiracy, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

    a. On or about a date unknown to the Grand Jury, but between on or about September 24, 2005 and October 14, 2005, KAREN RACHEL SMITH provided Ronnie Lee McNeil with her name to be used to apply for disaster assistance from FEMA.

    b. On or about October 14, 2005, Ronnie Lee McNeil caused another person to submit a telephone application with FEMA in the name of Karen Smith for

disaster assistance for Hurricane Rita. In that application, that person falsely represented that she was Karen Smith; that Karen Smith had been a resident of Port Arthur, Texas when Hurricane Rita made landfall; that Karen Smith's current mailing address was 1140 Old Apopka Road, Apopka, Florida 32703; and that Karen Smith was eligible for disaster assistance from FEMA. This telephone application was made from the Middle District of Florida.

  c. On or about October 15, 2005, in reliance on the misrepresentations that were made in the telephone application on October 14, 2005, FEMA placed into the United States Mail for delivery to an address located in Orange County, Florida, in the Middle District of Florida, a United States Treasury check made payable to Karen Smith in the amount of $2,000 for disaster assistance.

  d. On or about a date unknown to the Grand Jury, but between on or about October 14, 2005 and October 20, 2005, Ronnie Lee McNeil caused the United States Treasury check payable to Karen Smith to be taken from the United States Mail and provided to KAREN RACHEL SMITH.

  e. On or about October 20, 2005, KAREN RACHEL SMITH went to a check casher located in Orange County, Florida, in the Middle District of Florida, and cashed the United States Treasury check.

  f. On or about October 20, 2005, KAREN RACHEL SMITH provided Ronnie Lee McNeil with a portion of the cash that she had received from the $2,000 United States Treasury check.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

17. The allegations contained in paragraphs 1 through 6 of this Indictment are hereby realleged and incorporated herein by reference.

18. On or about October 13, 2005, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**KAREN RACHEL SMITH**

the defendant herein, did knowingly and willfully make and present, and cause to be made and presented, to a department and agency of the United States, that is, FEMA, a claim upon and against the United States and FEMA, that is, an application/registration for disaster assistance, FEMA Form 90-69, claiming expedited disaster assistance for Hurricane Rita, knowing such claim to be false, fictitious, and fraudulent, in that KAREN RACHEL SMITH had her primary residence in the Middle District of Florida and not in any of the areas that were covered by the major disaster declaration by the President of the United States for Hurricane Rita and therefore she was not entitled to any disaster assistance from FEMA for Hurricane Rita.

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNT THREE

19. The allegations contained in paragraphs 1 through 6 of this Indictment are hereby realleged and incorporated herein by reference.

20. On or about October 20, 2005, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**KAREN RACHEL SMITH**

the defendant herein, did knowingly and willfully embezzle, steal, purloin and convert to her own use and the use of another, money and a thing of the United States, totaling in excess of $1,000, that is, a United States Treasury check in the amount of $2,000 for disaster assistance benefits from FEMA, an agency of the United States, with the intent to deprive the United States and FEMA of the use and benefit of that money.

All in violation of Title 18, United States Code, Sections 641 and 2.

## COUNT FOUR

21. The allegations contained in paragraphs 1 through 6 of this Indictment are hereby realleged and incorporated herein by reference.

### A. Scheme and Artifice

22. Beginning on or about a date unknown to the Grand Jury, but not later than October 14, 2005, and continuing until on or about a date unknown to the Grand Jury, but on or after October 20, 2005, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**KAREN RACHEL SMITH**

the defendant herein, did knowingly and willfully devise and execute a scheme and artifice to defraud FEMA of money and property, and to obtain money and property of FEMA, by means of false and fraudulent pretenses, representations and promises.

## B. Manner and Means

23. The substance of the scheme and artifice to defraud and its manner and means are set forth in paragraphs 9 through 15 of Count One of the Indictment, the allegations of which are repeated and realleged as if fully set forth herein.

## C. Mailing

24. On or about the date set forth below, in Orange County, Florida, in the Middle District of Florida,

**KAREN RACHEL SMITH**

the defendant herein, having devised the above-described scheme and artifice to defraud, and for the purpose of executing and attempting to execute the scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, did knowingly take and receive and cause to be taken and received from the United States mail (Postal Service) and did knowingly cause to be delivered by United States mail (Postal Service) according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, the following item:

| Count | Date of Mailing | Item | To |
|---|---|---|---|
| Four | 10/15/05 | United States Treasury check number 2221 74639319 made payable to Karen Smith and dated 10/15/05 | Karen Smith 1140 Old Apopka Road Apopka, FL 32703 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FIVE

25. The allegations contained in paragraphs 1 through 6 of this Indictment are hereby realleged and incorporated herein by reference.

### A. Scheme and Artifice

26. Beginning on or about a date unknown to the Grand Jury, but not later than October 14, 2005, and continuing until on or about a date unknown to the Grand Jury, but on or after October 20, 2005, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

**KAREN RACHEL SMITH**

the defendant herein, knowingly devised and executed a scheme and artifice to defraud FEMA of money and property, and to obtain money and property of FEMA, by means of false and fraudulent pretenses, representations, and promises.

### B. Manner and Means

27. The substance of the scheme and artifice to defraud and its manner and means are set forth in paragraphs 9 through 15 of Count One of the Indictment, the allegations of which are repeated and realleged as if fully set forth herein.

### C. Wire

28. On or about October 14, 2005, in Orange County, Florida, in the Middle District of Florida,

**KAREN RACHEL SMITH**

the defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce, a writing, sign, signal, picture, and sound, specifically, an interstate telephone call from the Middle District of Florida to a FEMA call center located in Texas that was made for the purpose of applying for disaster assistance for Hurricane Rita in the name of Karen Smith.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE

1.  The allegations contained in Counts One, Three, Four and Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  From her engagement in the violations alleged in Counts One, Three, Four and Five of this Indictment, punishable by imprisonment for more than one year, the defendant,

**KAREN RACHEL SMITH**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of her interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation.

3. The allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 41, United States Code, Section 119 and Title 28, United States Code, Section 2461(c).

4. From her engagement in the violations alleged in Count Two, punishable by imprisonment for more than one year, the defendant,

**KAREN RACHEL SMITH**

shall forfeit to the United States of America pursuant to Title 41, United States Code, Section 119 and Title 28, United States Code, Section 2461(c) any benefit, payment, compensation, allowance loan, advance and emolument received as a result of said violation, including but not limited to the following:

5. If any of the property described in paragraphs 1 through 4 as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

PAUL I. PEREZ
United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney

By: _____
I. Randall Gold
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT

Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

KAREN RACHEL SMITH

## INDICTMENT

Violations:

18 U.S.C. § 371
18 U.S.C. § 287
18 U.S.C. § 641
18 U.S.C. § 1341
18 U.S.C. § 1343

A true bill,

_/s/ Elaine M. Reuben_
Foreperson

Filed in open court this 24th day
of May, A.D. 2006.

_/s/ [signature]_
Clerk

Bail $ _____

GPO 863 525

N:\\_Criminal Cases\McNeil, Ronnie Lee_2006R00172_RBH\Pleading\f_indictment_package_smith_karen.wpd